# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Daniel Clark,**

      **Plaintiff,**

**v.**                                                                                 **Case No. 12-CV-2538**

**Blue Valley Unified School District No. 229,**
**Scott Springston, Stacy Graff, Jessica Dain,**
**Phoebe Lewis, Tonya Merrigan, Scott Bacon,**
**and Brett Potts,**

      **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiff Daniel Clark filed this lawsuit alleging that he was subjected to constant bullying and harassment by other male students while he was a middle school and high school student in defendant Blue Valley School District No. 229. The remaining defendants are three principals; two vice-principals; and two administrators at the middle school and high school attended by plaintiff. Plaintiff's complaint includes a claim for violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq., against the school district based on the district's alleged deliberate indifference to known acts of severe and discriminatory harassment; a claim under 42 U.S.C. § 1983 against all defendants for violations of the Equal Protection Clause of the Fourteenth Amendment based on the allegation that defendants enforced the District's anti-harassment policy with respect to incidents of harassment between students of the opposite sex differently than it did with respect to incidents of harassment between boys; and a Kansas state law claim against all defendants for their negligent failure to supervise the students under their custody and control.

This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint in its entirety on the grounds that each of the claims therein is barred by the applicable two-year statute of limitations set forth in K.S.A. § 60-513(a)(4). Plaintiff does not dispute that the last possible violation of his rights occurred on May 23, 2010 (the date of his graduation from high school) and that he filed his lawsuit more than two years after that date. Nonetheless, plaintiff contends that his complaint is timely filed because the limitations period most applicable to his claims is not the personal injury statute of limitations but instead the longer period of limitations set forth in K.S.A. § 60-523(a) for civil actions arising out of the sexual abuse of a child. To the extent the court rejects this argument, plaintiff alternatively contends that his complaint is timely filed under the provisions of K.S.A. § 60-515(a) in tandem with the Kansas savings statute, K.S.A. § 60-518. As explained below, the court grants defendants' motion and dismisses plaintiff's claims as time-barred.[1]

---

[1] Plaintiff does not dispute that the two-year statute of limitations applies to his claims in the event the court rejects the application of § 60-523(a). *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (Title IX claims, like § 1983 claims, are governed by the state's personal injury statute of limitations); *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (two-year Kansas state statute of limitations applies to actions brought in Kansas for violations of § 1983); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (any federal civil rights claims, including Title IX claims, governed by two-year Illinois statute of limitations governing personal injury actions); *University of Kansas Mem. Corp. v. Kansas Power & Light Co.*, 61 P.3d 741, 744 (Kan. App. 2003) (negligence actions alleging damages are governing by K.S.A. § 60-513(a)(4) which requires that such actions be brought within two years).

**K.S.A. § 60-523(a)**

Plaintiff contends that the three-year statute of limitations period contained in K.S.A. § 60-523(a) should apply because his claims involve childhood sexual abuse. Defendants urge that the limitations period in K.S.A. § 60-523(a) is inapplicable because it is intended to apply only to those cases in which the plaintiff asserts claims directly against the perpetrator. Regardless of defendants' interpretation of the statute, the Tenth Circuit has already foreclosed plaintiff's argument and has expressly declined to apply a statute of limitations specific to child sexual abuse victims to a § 1983 claim. *See Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993). In *Blake*, a case that neither party has cited in their submissions,[2] the court upheld the trial court's decision that the plaintiff's complaint was time-barred because it was governed by Colorado's two-year residual personal injury statute rather than by a longer state statute applicable to sexual assaults against a child. *Id.* at 750-51.

As explained by the Circuit, because Congress failed to specify a statute of limitations for civil rights claims under § 1983, courts for many years selected the "most analogous" and "most appropriate" forum state statute of limitations. *Id.* at 750. That "uncertain and confusing practice" was abandoned by the Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985) in favor of a "simple, bright-line rule":

> Finding that "§ 1983 claims are best characterized as personal injury actions," the Court held that the forum state's personal injury statute of limitations should be applied to all § 1983 claims. In *Owens v. Okure*, 488 U.S. 235 (1989), the Court refined the *Wilson* rule by holding that, "where state law provides multiple statutes

---

[2] Indeed, neither party has cited the court to any case whatsoever supporting their respective arguments. It is surprising and disappointing that counsel did not take the time to find the cases discussed by the court given the ease with which the court was able to locate them.

3

> of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute of personal injury actions."

*Id.* (citations omitted). Rejecting the plaintiffs' argument that the trial court should have applied Colorado's six-year statute of limitations for sexual assaults against a child, the Circuit emphasized that in *Owens* the Supreme Court listed several state child sex abuse statutes of limitations among the "multiple statutes of limitations governing intentional torts" that courts would disregard. *Id.* at 751. Finally, the Circuit concluded that applying the two-year residual statute of limitations to cases involving child sexual assault was consistent with the federal interests of compensation, deterrence and "having clear, predictable, and easily applied standards for selecting civil rights statutes of limitations." *Id.*

Curiously, in a subsequent unreported decision, the Tenth Circuit seemingly departed from *Blake*'s bright line rule and endorsed the application of different limitations periods to different § 1983 claims brought in a single state. In *Cosgrove v. Kansas Dep't of Social & Rehabilitative Services*, 162 Fed. Appx. 823 (10th Cir. 2006), the district court sua sponte dismissed the prisoner's § 1983 claims at the screening stage on the grounds that it was clear from the face of the complaint that the claims were time-barred under the applicable two-year residual personal injury limitations period. *Id.* at 825. On appeal, the Circuit reversed the district court, concluding that it was neither "patently clear from the face of the complaint nor rooted in adequately developed facts" that Kansas's two-year limitations applied rather than its three-year limitations period governing claims of childhood sexual abuse. *Id.* at 827. The case, then, was remanded back to the district court. *Id.* at 828.

4

On remand, the district court granted the plaintiff leave to file an amended complaint, but an amended complaint was never filed and the plaintiff's claims were ultimately dismissed. *See Cosgrove v. Kansas Department of Social & Rehab. Servs.*, 332 Fed. Appx. 463, 465 (10th Cir. June 4, 2009). Several years later, the plaintiff filed a new complaint with allegations similar to those set forth in the previous lawsuit. *See id*. The defendants moved to dismiss the complaint as time-barred and the plaintiff, in response, contended that the complaint was timely filed under the three-year limitations period set forth in K.S.A. § 60-523(a). *Id*. The district court granted the motion to dismiss and the Circuit again in an unreported decision reversed and remanded, concluding that it was "far from clear from the face of his complaint that § 60-523 does not apply." *Id.* at 467.

The court concludes that *Cosgrove* did not and could not change the law of the Tenth Circuit as set forth in *Blake*. To begin, aside from the fact that *Cosgrove* is unpublished and nonprecedential, *Cosgrove* does not mention *Blake*, *Wilson*, or *Owens*—suggesting that the issue of whether a state's residual personal injury limitations period applies to all § 1983 claims was not even presented to or considered by the panel. Moreover, one panel of the Circuit cannot overturn the decision of another panel of the court barring en banc reconsideration, a superseding contrary Supreme Court decision or authorization of all currently active judges on the court. *See United States v. Armigo*, 651 F.3d 1226, 1241 (10th Cir. 2011). Thus, because *Blake* squarely held that a state's residual personal injury limitations period applies to all § 1983 claims regardless of the nature of those claims, *Cosgrove* cannot be read to hold otherwise. *Blake*, then, remains the law in the Tenth Circuit. *See Woods v. Illinois Dept. of Children & Family Servs.*, 710 F.3d 762 (7th Cir. 2013) (guided by *Blake* and rejecting *Cosgrove* in holding

that the limitations period applicable to all § 1983 claims brought in Illinois is two years, including § 1983 claims involving allegations of failure to protect from childhood sexual abuse); *see also Walker v. Barrett*, 650 F.3d 1198, 1205-06 (8th Cir. 2011) (applying *Wilson v. Garcia* to Title IX claims and holding that § 1983 and Title IX claims were barred by Missouri's general personal injury limitations period).

In light of *Blake*, this court is required to apply Kansas's two-year residual personal injury limitations period to plaintiffs' claims.

**K.S.A. § 60-515(a)**

Plaintiff alternatively contends that his complaint is timely filed in light of a somewhat complicated interplay between K.S.A. § 60-515(a) and § 60-518. Section 60-515(a), in pertinent part, reads as follows:

> If any person entitled to bring an action, other than for recovery of real property or a penalty or forfeiture, *at the time the cause of action accrued or at any time during the period the statute of limitations is running*, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed . . . .

K.S.A. § 60-515(a) (emphasis added). Relying on a three-week period in late June through mid-July 2012 when he received inpatient treatment at a mental health facility, plaintiff contends that he was incapacitated for purposes of § 60-515(a). Section § 60-515(a), standing alone, does not save plaintiff's complaint from dismissal because the two-year statute of limitations had already expired at the time that plaintiff's incapacitation commenced. *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 310 (2003) ("K.S.A. 60-515 applies to extend the statute of limitations for persons

under a legal disability while the statute of limitations is running."); *Lewis v. Shuck*, 5 Kan. App. 2d 649, 652 (1981) (section 60-515(a) applies only if the disability existed at the time the cause of action accrued or came into existence during the period the applicable statute of limitations was running).

Recognizing this fact, plaintiff suggests that the court should extend the application of § 60-515(a) to include those circumstances when a plaintiff's incapacitation begins not only when the initial limitations period is running but when the six-month savings statue is running. By way of background, plaintiff initially filed a lawsuit against defendant Blue Valley School District in December 2010, but the case was voluntarily dismissed without prejudice on February 6, 2012. Pursuant to the Kansas savings statute, then, plaintiff had until August 6, 2012 to refile his lawsuit. *See* K.S.A. § 60-518. Plaintiff did not file another lawsuit until August 15, 2012. Nonetheless, plaintiff contends that he should have had until July 2013 to file his complaint because his incapacitation came into existence while the six-month savings period was running such that he was entitled file his lawsuit up to "one year" after his incapacitation ceased.

Assuming for the sake of argument that plaintiff was incapacitated for purposes of § 60-515(a), the court rejects plaintiff's invitation to extend § 60-515(a) beyond the unambiguous language of the statute itself. Section 60-515(a) applies if the plaintiff is incapacitated at the time the cause of action accrues or becomes incapacitated "during the period the statute of limitations is running." K.S.A. § 60-515(a). The Kansas Supreme Court has emphasized that § 60-518 is a saving statute; "it is not a statute of limitations." *Roy v. Young*, 278 Kan. 244, 249 (2004). It matters not, then, that the six-month saving period was running at the time that

plaintiff became incapacitated. Stated another way, K.S.A. § 60-518 cannot be read in tandem with § 60-515(a) in the manner desired by plaintiff. Because plaintiff did not invoke the protection of § 60-518 by filing his lawsuit within 6 months of its dismissal, that statute has no application to this case. *See id*. at 250.

In sum, the limitations period applicable to all of plaintiff's claims is two years as provided in K.S.A. § 60-513(a)(4). Because plaintiff filed his complaint after the close of the two-year window, and that window cannot be extended by virtue of § 60-515(a), his complaint is untimely filed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. 35) is granted and plaintiff's complaint is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2013, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge